**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**DISTRICT OF DELAWARE**

Case number *(if known)* _____ Chapter __11__

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Tonopah Solar Energy, LLC** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **80-0481316** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **11 Gabbs Pole Line Road** | |
| Number          Street | Number          Street |
| _____ | P.O. Box |
| **Tonopah, NV 89049** | |
| City          State          ZIP Code | City          State          ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| **Nye** | |
| County | Number          Street |
| | P.O. Box |
| | City          State          ZIP Code |

5. **Debtor's website** (URL)  __N/A__

Debtor    **Tonopah Solar Energy, LLC**                                    Case number (*if known*) _____
        Name

---

**6.    Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

---

**7.    Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   **2211**

---

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

| Debtor | **Tonopah Solar Energy, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☒ No
☐ Yes

| Debtor | | Relationship | |
|---|---|---|---|
| District | | When | MM / DD / YYYY |
| Case number, if known | | | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

| | |
|---|---|
| Number | Street |
| | |
| City | State    ZIP Code |

**Is the property insured?**

☐ No
☐ Yes    Insurance agency
Contact name
Phone

---

**█ Statistical and administrative information**

---

Debtor    **Tonopah Solar Energy, LLC**                                   Case number (*if known*) _____
    Name

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☒ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

                        **Request for Relief, Declaration, and Signatures**

---

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **07/30/20**
                MM / DD / YYYY

**X** */s/ Justin D. Pugh*                        **Justin D. Pugh**
   Signature of authorized representative of debtor         Printed name

Title   **Treasurer**

---

Debtor **Tonopah Solar Energy, LLC**                    Case number (*if known*) _____
Name

**18. Signature of attorney**    **X** */s/ Matthew B. Lunn*                    Date **07/30/20**
                                 Signature of attorney for debtor                    MM / DD / YYYY

                                 **Matthew B. Lunn, Esq.**
                                 Printed name

                                 **Young Conaway Stargatt & Taylor, LLP**
                                 Firm name

                                 **Rodney Square, 1000 N. King Street**
                                 Number   Street

                                 **Wilmington**                **Delaware**            **19801**
                                 City                          State                   Zip Code
                                 Contact
                                 phone    **(302) 571-6600**    Email address    **mlunn@ycst.com**

                                 **4119**                      **Delaware**
                                 Bar number                    State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| TONOPAH SOLAR ENERGY, LLC,[1] | Case No. 20-_____ (____) |
| Debtor. | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS PURSUANT**
**TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of

Bankruptcy Procedure, Tonopah Solar Energy, LLC, the debtor and debtor in possession in the

above-captioned case (the "**Debtor**"), hereby states that it is 100% owned by non-debtor

Tonopah Solar Energy Holdings II, LLC (with an address of 231 Market Place, Suite 373, San

Ramon, CA 94583).

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is as follows: Tonopah Solar Energy, LLC (1316).  The Debtor's headquarters is located at 11 Gabbs Pole Line Road, Tonopah, NV 89049.

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   TONOPAH SOLAR ENERGY, LLC |
| United States Bankruptcy Court for the:      District of Delaware |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | PIC GROUP, INC 1165 NORTHCHASE PKWY,  STE 400 MARIETTA, GA  30067 | CONTACT: ACCOUNTS RECEIVABLE MANAGER PHONE: 770 850 0100 AR@PICGROUPINC.COM | TRADE DEBT | U | | | $1,220,714.52 |
| 2 | RYAN MECHANICAL INC 3335 WYNN ROAD LAS VEGAS, NV  89102 | CONTACT: BRET ANDERSON PHONE: 702 631 7777 BRET@RYAN-MECHANICAL.COM | TRADE DEBT | U | | | $318,932.89 |
| 3 | DXP ENTERPRISES INC DBA CORTECH ENGINEERING PO BOX 1697 HOUSTON, TX  77251-0169 | CONTACT: CARL CIOFFI PHONE: 951 415 4540 CARL.CIOFFI@DXPE.COM | TRADE DEBT | U | | | $174,771.33 |
| 4 | UINTAH MACHINE & MFG CO 521 WEST MAIN - P.O. BOX 8 DUCHESNE, UT  84021 | CONTACT: ROLAND HAMILTON PHONE: 435 738 2453 RFHAMILTON@UINTAHMACHINE.COM | TRADE DEBT | U | | | $147,978.23 |
| 5 | NYE COUNTY ASSESSOR  - REAL PROPERTY TAXES PO BOX 473 TONOPAH, NV  89049-0473 | CONTACT: JOHN PRUDHONT PHONE: 775 482 8147 TREASURER@CO.NYE.NV.US | TAX | U | | | $115,558.84 |
| 6 | DP SYSTEMS, LLC 1919 WEST 2300 SOUTH WEST VALLEY CITY, UT  84119 | CONTACT: ROBERT SCOTT LUKS PHONE: 702 997 5209 SCOTTL@DPINDUSTRIALINC.COM | TRADE DEBT | | | | $109,979.19 |

Debtor: TONOPAH SOLAR ENERGY, LLC

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7    NYE COUNTY ASSESSOR - PERSONAL PROPERTY TAXES 160 N. FLOYD DRIVE PAHRUMP, NV  89060 | CONTACT: MARIE BECHT PHONE: 775 751 7066 MBECHT@CO.NYE.NV.US | TAX | U | | | $101,792.10 |
| 8    FLIPPINS TRENCHING INC. 2645 MARION DRIVE LAS VEGAS, NV  89115 | CONTACT: KEN FLIPPIN PHONE: 702 643 2211 KENJR@FLIPPINS.COM | TRADE DEBT | U | | | $93,452.54 |
| 9    MERTEC ENGINEERING, CMP SALES CORPORATION 1232 MONTE VISTA AVE 9 UPLAND, CA  91786 | CONTACT: JORDAN RICCARDI PHONE: 909 373 0526 JORDANR@MERTEC.NET | TRADE DEBT | U | | | $92,963.39 |
| 10    GENERAL ELECTRIC INTERNATIONAL, INC. 4200 WILDWOOD PARKWAY ATLANTA, GA  30339 | CONTACT: RAYMOND FRANK PHONE: 713 303 1780 RAYMOND.FRANK@GE.COM | TRADE DEBT | U | | | $77,909.10 |
| 11    BLAIR-MARTIN CO., INC. 1500 E. BURNETT STREET SIGNAL HILL, CA  90755 | CONTACT: WAYNE DEPEW PHONE: 562 595 8773 WDEPEW@BLAIRMARTIN.COM | TRADE DEBT | U | | | $77,526.17 |
| 12    BAY VALVE SERVICE & ENGINEERING, LLC 3948 TEAL CT. BENICIA, CA  94510-1202 | CONTACT: SCOTT SHULTZ PHONE: 7074487166 SCOTTS@BAY-VALVE.COM | TRADE DEBT | U | | | $54,499.43 |
| 13    NEVADA DEPARTMENT OF TAXATION 1550 COLLEGE PARKWAY,  SUITE 115 CARSON CITY, NV  89706 | PHONE: 775 684 2000 NEVADAOLT@TAX.STATE.NV.US | TAX | U | | | $49,853.69 |
| 14    GE STEAM POWER, INC. 175 ADDISON ROAD WINDSOR, CT  06095 | CONTACT: ANDY JOHNSON PHONE: 505 386 6033 ANDREW.JOHNSON1@GE.COM | TRADE DEBT | U | | | $31,158.40 |
| 15    EDWARDS VACUUM, LLC 6416 INDUCON DR SANBORN, NY  14132 | CONTACT: DOMINIC MINASSIAN PHONE: 626 418 2121 DOMINIC.MINASSIAN@EDWARDSVACUUM.COM | TRADE DEBT | U | | | $23,480.00 |
| 16    SUNBELT RENTALS, INC. P.O. BOX 409211 ATLANTA, GA  30384-9211 | CONTACT: CASEY COUNTRYMAN PHONE: 916 210 8282 CASEY.COUNTRYMAN@SUNBELTRENTALS.COM | TRADE DEBT | U | | | $18,394.44 |
| 17    MSC INDUSTRIAL SUPPLY INC PO BOX 953635 ST LOUIS, MO  63195 | CONTACT: TERRY STAGGS PHONE: 813 432 3700 BRANCHPHX@MSCDIRECT.COM | TRADE DEBT | U | | | $11,740.03 |
| 18    CASHMAN EQUIPMENT COMPANY 3306 ST ROSE PKWY HENDERSON, NV  89052 | CONTACT: JORDAN CLARY PHONE: 775 332 5450 JORDANCLARY@CASHMANEQUIPMENT.COM | TRADE DEBT | U | | | $9,855.33 |

Debtor:  TONOPAH SOLAR ENERGY, LLC

Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19   FLOWSERVE CORP 1909 E CASHDAN ST RANCHO DOMINGUEZ, CA  90220 | CONTACT: ROGER CHAVEX PHONE: 310 667 4200 ROCHAVEZ@FLOWSERVE.COM | TRADE DEBT | U | | | $7,800.00 |
| 20   UNITED RENTALS (NORTH AMERICA), INC. FILE 51122 LOS ANGELES, CA  90074-1122 | CONTACT: GERALD GRANATA PHONE: 775 359 6660 GGRANATA@UR.COM | TRADE DEBT | | | | $7,658.52 |

**Fill in this information to identify the case:**

Debtor name   **Tonopah Solar Energy, LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration   **Consolidated Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **07/30/20**   X   **/s/ Justin D. Pugh**
_____
Signature of individual signing on behalf of debtor

**Justin D. Pugh**
_____
Printed name

**Treasurer**
_____
Position or relationship to debtor

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy
26333967.1

**UNANIMOUS WRITTEN CONSENT**
**OF THE**
**BOARD OF MANAGERS OF**
**TONOPAH SOLAR ENERGY, LLC**
<u>**A Delaware limited liability company**</u>

THE UNDERSIGNED, being all of the members of the Board of Managers (the "<u>Board</u>") of Tonopah Solar Energy, LLC, a Delaware limited liability company (the "<u>Company</u>"), hereby consent that the actions recited herein shall be deemed the actions of the Board with the same effect as if taken at a duly noticed and called meeting of the Board, and direct that this writing be filed with the minutes of proceedings of the Board—all pursuant to the provisions of the Third Amended and Restated Limited Liability Company Agreement of the Company as of the date set forth below:

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical and current performance of the Company, the assets and prospects of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, and credit market conditions, and fully considered the strategic alternatives available to the Company; and

**WHEREAS**, the Board has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a reorganization case under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); and

**WHEREAS**, the Company has negotiated a restructuring transaction pursuant to which its outstanding prepared secured indebtedness owing to the U.S Department of Energy will be compromised and settled, its litigation with Cobra Thermosolar Plants, Inc. ("<u>CPI</u>") will be settled, and CPI and Cobra Energy Investment, LLC or one of their affiliates (collectively, "<u>Cobra</u>") shall own 100% of the Company upon completion; and

**WHEREAS**, the Company intends to commence proceedings under chapter 11 of the Bankruptcy Code to pursue approval of the proposed pre-negotiated chapter 11 plan for the Company (the "<u>Plan</u>").

**NOW, THEREFORE, BE IT:**

<u>**Restructuring Support Agreement**</u>

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company shall be, and hereby is, authorized to enter into and perform the restructuring transaction contemplated by the Restructuring

Support Agreement with Cobra, including the Plan attached as <u>Exhibit A</u> thereto (the "<u>RSA</u>"), substantially in the form presented to the Board on or in advance of the date hereof; and it is further

**RESOLVED**, that each officer of the Company (each, an "<u>Officer</u>" and collectively, the "<u>Officers</u>") be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of the Company, to execute, acknowledge, and deliver the RSA with such changes, additions, and modifications thereto as an Officer executing the same shall approve, such approval to be conclusively evidenced by an Officer's execution and delivery thereof; and it is further

## Commencement and Prosecution of Bankruptcy Case

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, members and other parties in interest that a voluntary petition (the "<u>Petition</u>") be filed with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") by the Company commencing a case (the "<u>Chapter 11 Case</u>") under the provisions chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company shall file propose and file with the Bankruptcy Court, that certain *Chapter 11 Plan for Tonopah Solar Energy, LLC* (the "<u>Plan</u>"), the disclosure statement related thereto (the "<u>Disclosure Statement</u>"), and the documents to be included in the Plan Supplement to the Plan (the "<u>Plan Supplement</u>"), each substantially in the form presented to the Board on or in advance of the date hereof; and it is further

**RESOLVED**, that the Board hereby approves the Plan and the transactions contemplated thereby; and it is further

**RESOLVED**, that each Officer be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of the Company, to execute, acknowledge, deliver, and verify the Petition, the Plan, the Plan Supplement and the Disclosure Statement, and to cause the same to be filed with the Bankruptcy Court at such time as such Officer may determine; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered on behalf of the Company, to execute, acknowledge, deliver and verify and file any and all petitions, schedules, statements of affairs, lists and other papers and to take any and all related actions that such Officers may deem necessary or proper in connection with the filing of the Petition and commencement of the Chapter 11 Case (including the pursuit of

Bankruptcy Court approval of the Disclosure Statement and the Plan); and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Officer performing or executing the same shall approve, and the performance or execution thereof by such Officer shall be conclusive evidence of the approval thereof by such Officer and by the Company; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Officers, shall be necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure and ownership of the Company, all consistent with the Plan and these resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company shall be, and hereby is, authorized to enter into that certain *Operation and Maintenance Agreement*, by and between the Company and Cobra Industrial Services, Inc., substantially in the form presented to the Board on or in advance of the date hereof; and it is further

## Retention of Professionals

**RESOLVED**, that the law firm of Willkie Farr & Gallagher LLP ("Willkie Farr") be, and hereby is, authorized, directed and empowered to represent the Company as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation and filing of pleadings in the Chapter 11 Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the

filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Willkie Farr; and it is further

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized, directed and empowered to represent the Company as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation and filing of pleadings in its Chapter 11 Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

**RESOLVED**, that FTI Consulting, Inc. ("FTI") be, and hereby is, authorized, directed and empowered to provide interim officers and additional support personnel to, among other things, represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate motion or application for authority to retain the services of FTI and it is further

**RESOLVED**, that Houlihan Lokey, Inc. ("Houlihan") be, and hereby is, authorized, directed and empowered to represent and assist the Company in connection with carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Case, as contemplated by the engagement letter between the Company and Houlihan previously presented to the Board (with such changes to such engagement letter as previously described to the Board by Willkie Farr); and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Houlihan; and it is further

**RESOLVED**, that Epiq Corporate Restructuring, LLC ("Epiq") be, and hereby is, authorized, directed and empowered to serve as the notice,

claims, solicitation and balloting agent and administrative advisor in connection with the Chapter 11 Case and assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Epiq; and it is further

RESOLVED, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

RESOLVED, that the Officers be, and each of them, acting alone or in any combination, hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that the Officers deem necessary, proper, or desirable in connection with the Chapter 11 Case; and it is further

## Use of Cash Collateral

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Chapter 11 Case, which agreement(s) may require the Company to acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Company's existing lender(s); and it is further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents (including without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings and other papers) for use of cash collateral, including those agreements that acknowledge the debt and liens of existing loans, grant

liens, and pay interest to the Company's existing lender(s), with such changes therein and additions thereto as any such Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of such document with any changes thereto by the relevant Officer, to be conclusive evidence that such Officer deemed such changes or additions to meet such standard, and in connection with the Petition; and it is further

**RESOLVED**, that each of the Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of appropriate fees and expenses incurred by or on behalf of the Company, which shall be necessary, proper, or advisable to perform any of such Company's obligations under or in connection with the Exit Credit Facility Documents or any of the other ancillary documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is further

**General Resolutions**

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Officers, each Officer (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Officer's (or his designees' or delegates') judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is further

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and it is further

**RESOLVED**, that all actions and transactions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any manager or Officer of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby in all respects approved, adopted, ratified and confirmed in all respects as the true acts and deeds of the Company as of the date such action or actions were taken; and it is further

**RESOLVED**, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals; and it is further

**RESOLVED**, that this unanimous written consent may be executed in multiple counterparts, each of which shall be considered an original and all of which shall constitute one and the same instrument.

* * * * *

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date set forth below.

Date:  July 28, 2020

<div style="margin-left: 40%;">

MANAGERS:

_____
Mark Manski

_____
Joseph Bondi

_____
Charles Reardon

_____
Anna Phillips

</div>

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date set forth below.

Date:  July 28, 2020

MANAGERS:

_____
Mark Manski

_____
Joseph Bondi

*Charles C Reardon*
_____
Charles Reardon

_____
Anna Phillips

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date set forth below.

Date:  July 28, 2020

MANAGERS:

_____

Mark Manski

_____

Joseph Bondi

_____

Charles Reardon

_____

Anna Phillips

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date set forth below.

Date: July 28, 2020

MANAGERS:

_____
Mark Manski

_____
Joseph Bondi

_____
Charles Reardon

_____
Anna Phillips

[SIGNATURE PAGE TO CONSENT OF BOARD – TONOPAH SOLAR ENERGY, LLC]