**<u>EXHIBIT B</u>**

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TONOPAH SOLAR ENERGY, LLC,[1] | Case No. 20-11884 (KBO) |
| Debtor. | **Ref. Docket No. ——36** |

### ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF BALLOT AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the *Debtor's Motion for an Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing the Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of Ballot and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures; and (IV) Granting Related Relief* (the "**Motion**")[2] filed by the above-captioned debtor and debtor in possession (the "**Debtor**"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this being a core proceeding pursuant to 28 U.S.C.

---

[1]  The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Tonopah Solar Energy, LLC (1316).  The Debtor's headquarters is located at 11 Gabbs Pole Line Road, Tonopah, NV 89049.

[2]  Capitalized terms used, but not defined, shall have the meanings ascribed to them in the Motion.

§ 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the hearing on the Disclosure Statement being deemed adequate; and the Disclosure Statement Hearing Notice constituting good and sufficient notice to all interested parties and no other or further notice needing be provided; and this Court having reviewed the Motion, the papers in support thereof, and the responses thereto, if any; and upon the record of the hearing; and this Court having found and determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

## IT IS HEREBY FOUND THAT:

A.      Notice of the Motion and the Disclosure Statement Hearing Notice were served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties, complies with Bankruptcy Rules 2002 and 3017, and no other or further notice need be provided.

B.      The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

C.      The form of the ballot (the "**Ballot**") for Class 3 Prepetition Note Claims (the "**Voting Class**"), attached hereto as Exhibit 3, is sufficiently consistent with Official Form No. 14, adequately addresses the particular needs of the Chapter 11 Case and is appropriate for the Voting Class to accept or reject the Plan.

D.      The contents and proposed distribution of the Solicitation Packages complies with Bankruptcy Rule 3017(d).

E.      Ballots need not be provided to the Non-Voting Classes, because the Plan provides that such Classes are either (i) rendered Unimpaired under, and therefore, presumed to

have accepted the Plan (without voting), in accordance with section 1126(f) of the Bankruptcy Code, or (ii) Impaired and not entitled to receive or retain any property under the Plan, and therefore, deemed to have rejected the Plan (without voting), in accordance with section 1126(g) of the Bankruptcy Code.

F.      The period within which the Debtor may solicit votes to accept or reject the Plan is a reasonable and adequate period of time for the Voting Class to make an informed decision to accept or reject the Plan.

G.      The procedures set forth in this Order for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H.      (i) The Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the forms attached hereto as Exhibit 2 and Exhibit 4, respectively; (ii) the procedures provided in this Order for providing notice to all creditors, Interest holders, and parties in interest of the time, date, and place of the Confirmation Hearing and the deadline to object to confirmation of the Plan; and (iii) the contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 3017-1 and constitute sufficient notice to all interested parties.

I.      In addition to serving the Confirmation Hearing Notice as provided for herein, the Debtor will cause the Confirmation Hearing Notice, as may be modified for publication, to be published once in the national edition of the *New York Times*, *Wall Street Journal*, or *USA Today*, as determined by the Debtor in its sole discretion, within five (5) business days of the entry of this Order.  The publication of the Confirmation Hearing Notice will provide sufficient notice to persons who do not otherwise receive the Confirmation Hearing Notice by mail.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED**, as set forth herein.

2.      The Disclosure Statement Hearing Notice is approved.

~~2.~~3.      The Disclosure Statement~~,~~, attached hereto as Exhibit 1, contains adequate information as required by section 1125 of the Bankruptcy Code, and it is approved.  The Debtor is authorized to distribute, or cause to be distributed, the Disclosure Statement and the Solicitation Packages to solicit votes on, and pursue confirmation of, the Plan.

~~3.      The Disclosure Statement Hearing Notice is approved.~~

4.      The Disclosure Statement (including all applicable exhibits thereto) provides holders of Claims, holders of Interests and other parties in interest with sufficient notice of the injunction, exculpation and release provisions in Article XII of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

5.      The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

6.      The contents of the Solicitation Packages and Non-Voting Packages, as set forth herein, comply with Bankruptcy Rules 2002 and 3017, and constitute sufficient notice to all interested parties, including without limitation, holders of Claims and Interests.

7.      The Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 2, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d), and is approved.

8.      The Ballot, substantially in the form attached hereto as Exhibit 3 is approved.

9.      The Notice of Non-Voting Status, substantially in the form attached hereto as <u>Exhibit 4</u>, is approved.

10.     The Record Date (i.e., the date of the Disclosure Statement Hearing) with respect to holders of Claims shall be **<u>September 4, 2020</u>**.  The Record Date shall be used for purposes of determining:  (i) the holders of Claims in the Voting Class, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan; (ii) the holders of Claims and Interests in the Non-Voting Classes, who will receive a Notice of Non-Voting Status and are not entitled to vote to accept or reject the Plan; (iii) the amount of each holder's Claim for solicitation and voting purposes (except as otherwise provided herein); and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim Holder) can vote to accept or reject the Plan as the Holder of a Claim.  With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and (if applicable) cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date.  In the event a Claim is transferred after the Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Record Date.

11.     Within five (5) business days of the entry of this Order (the "**Solicitation Date**"), the Debtor is authorized to distribute, or cause to be distributed, by first-class mail, to holders of Claims in the Voting Class (Class 3) as of the Record Date a Solicitation Package containing the following:

>    (a)    the Disclosure Statement, including the Plan and all other exhibits annexed thereto;

>    (b)    the Disclosure Statement Order (excluding exhibits);

(c)    a Ballot and the Voting Instructions;

(d)    a pre-addressed, postage pre-paid return envelope; and

(e)    the Confirmation Hearing Notice.

12.    The Debtor is authorized (but not required) to distribute, or cause to be distributed, the Disclosure Statement (together with all exhibits thereto, including the Plan), and the Disclosure Statement Order (excluding exhibits) to the Voting Class on a CD-ROM or flash drive in lieu of paper format.  The Confirmation Hearing Notice, Ballot and return envelopes contained in the Solicitation Packages shall be provided in paper format.

13.    The Debtor is authorized (but not required) to distribute, or cause to be distributed, by first-class mail, to all holders of Claims and Interests in the Non-Voting in Classes 1, 2, and 4 a Non-Voting Package consisting of (i) the Confirmation Hearing Notice; and (ii) an applicable Notice of Non-Voting Status.

14.    The Debtor is authorized to distribute, or cause to be distributed, by first class mail, to all holders of Claims in Class 5 a modified Solicitation Package containing the following:

(a)    the Disclosure Statement, including the Plan and all other exhibits annexed thereto;

(b)    the Disclosure Statement Order (excluding exhibits);

(c)    an applicable Notice of Non-Voting Status; and

(d)    the Confirmation Hearing Notice.

14.15.    The Debtor shall distribute, or cause to be distributed, by first-class mail, Solicitation Packages, excluding a Ballot and return envelope, to:  (i) the U.S. Trustee; (ii) counsel to any official committee appointed in the Chapter 11 Case, if any; (iii) the Internal Revenue

Service; (iv)(iii) various state taxing authorities; and (v)(iv) those parties requesting notice pursuant to Bankruptcy Rule 2002.

15.16.  The Debtor shall cause the Confirmation Hearing Notice, as may be modified for publication, to be published once in the national edition of the *New York Times, Wall Street Journal,* or *USA Today*, as determined by the Debtor in its sole discretion, on or before five (5) business days of the entry of this Order.

16.17.  The Debtor shall not be required to distribute Solicitation Packages to the same addresses to which undeliverable Disclosure Statement Hearing Notices were distributed unless the Debtor is provided with accurate addresses for such entities prior to the Solicitation Date.  Failure to distribute Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline, or violate Bankruptcy Rule 3017(d). The Debtor is further excused from attempting to find better addresses for entities as to whom a Solicitation Package was returned by the United States Postal Service as undeliverable without a forwarding address.

17.18.  The deadline by which all Ballots must be properly executed, completed, and actually received by the Voting Agent shall be [●]**October 13, 2020 at 5:00 p.m. (ET)** (the "**Voting Deadline**"); *provided, however*, that the Debtor is permitted to extend the Voting Deadline at any time before or after the Voting Deadline, on behalf of the Voting Class, as the facts and circumstances may require.

18.19.  Ballots will be accepted in paper form only, by delivering a Ballot by first-class mail postage prepaid, personal delivery, or overnight courier to the Voting Agent at the following address:

**If by First Class Mail:**

Tonopah Solar Energy, LLC Ballot Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4422
Beaverton, OR 97076-4422

**If by Overnight Courier or Overnight Mail:**

Tonopah Solar Energy, LLC Ballot Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Boulevard
Beaverton, OR 97005

**If by email:**

tabulation@epiqglobal.com with "Tonopah Vote" in the
subject line

Ballots will not be accepted by facsimile transmission.

~~19.~~20.  Except as otherwise provided herein, each holder of a Claim in the Voting

Class shall be entitled to vote the amount of its Claim as of the Record Date.  Solely for purposes

of voting on the Plan, and not for the purpose of making Distributions under the Plan on account

of a Claim, and without prejudice to the rights of the Debtor or any other proper party in interest

in any other context, including claims objections, with respect to all holders of Claims in the Voting

Class against the Debtor, the amount of a Claim used to tabulate acceptance or rejection of the

Plan shall be as follows:

> ~~(a)  The amount of the Claim listed in the Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined, disputed, or in the amount of $0.00; (ii) no proof of claim has been timely filed by any applicable bar date (or otherwise deemed timely filed under applicable law); (iii) such Claim has not been satisfied by the Debtor; or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court;~~

> ~~(b)~~(a)  The undisputed, non-contingent, unpaid and liquidated amount specified in a proof of claim against the Debtor, timely filed with the Court or the Voting Agent by any applicable bar date (or otherwise deemed timely filed by the Court under applicable law) to the extent such proof of claim has not been amended or superseded by another proof of claim and is not the subject of an objection filed at least

fourteen (14) days before the Voting Deadline (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order);

(c)(b)  If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00.

(d)(c)  If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018.   Any motion pursuant to Bankruptcy Rule 3018 seeking to temporarily allow a Claim for voting purposes must be filed and served in accordance with the Disclosure Statement Order;

(e)(d)  If a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(f)(e)   Claims filed for $0.00 are not entitled to vote;

(g)(f)   Except as otherwise provided in subsection (c) hereof, with respect to a Ballot cast by an alleged creditor who has timely filed a proof of claim, but the Claim is the subject of a claim objection filed at least fourteen (14) days before the Voting Deadline, the Debtor requests, in accordance with Bankruptcy Rule 3018(a), that the Ballot not be counted for voting purposes;

(h)(g)  Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtor has requested that a Claim be reclassified, estimated and/or allowed in a fixed, reduced amount pursuant to a claim objection or estimation proceeding to such Claim, the Ballot of the holder of such Claim shall be counted in the reduced amount requested by the Debtor and/or in the requested classification;

(i)(h)  Notwithstanding anything to the contrary contained herein, to the extent that a holder holds duplicate Claims in a Voting Class against the Debtor (by virtue of one or more timely-filed proofs of claim, the Schedules, or a combination of both), such holder shall be deemed to

hold a single Claim in such Voting Class against the Debtor, regardless of whether the Debtor has objected to such duplicate Claims;

(j)(i)    If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such amended claim.  Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

20.21.  The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

(a)    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor against the Debtor in the Voting Class will be aggregated as if such Creditor held a single Claim against the Debtor in such Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan;

(b)    Creditors with multiple Claims within the Voting Class must vote all such Claims to either accept or reject the Plan, and may not split their vote(s) within a Voting Class.  Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Class will not be counted;

(c)    Each creditor will be provided a single individual Ballot for all Claims held by such creditor in the Voting Class against the Debtor;

(d)    If a Claim is transferred after the Record Date, only the holder of such Claim as of the Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the holder of such transferred Claim as of the Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a);

(e)    The delivery of a Ballot will be deemed made only when the Voting Agent actually receives the original, executed Ballot;

(f)    Any party who has previously submitted to the Voting Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot.  If multiple Ballots are received from the same holder with respect to

the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that holder's intent and will supersede and revoke any Ballot previously received;

(g)    If a holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted;

(h)    Except as otherwise provided in subsection (f) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims; (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn; (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn; and (iv) be actually received by the Voting Agent prior to the Voting Deadline. The Debtor expressly reserves the right to contest the validity of any such withdrawals of Ballots.

~~21.~~22.  The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

(a)    Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

(b)    Any Ballot received after the Voting Deadline, except by order of the Bankruptcy Court or if the Debtor has granted an extension of the Voting Deadline with respect to such Ballot;

(c)    Any Ballot containing a vote that the Bankruptcy Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

(d)    Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder;

(e)    Any Ballot cast by an Entity that does not hold a Claim in the Voting Class;

(f)    Any unsigned Ballot; and

(g)     Any Ballot submitted by fax, unless approved by the Debtor in writing or otherwise ordered by the Court.

22.23.    Any party that wishes to challenge the allowance of its Claim for voting purposes shall serve on counsel to the Debtor and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before **4:00 p.m. (ET) on October 2, 2020**.  Any Ballot submitted by a holder of Claim that files a motion pursuant to Bankruptcy Rule 3018(a) shall be counted solely in accordance with the tabulation and other provisions of this Order unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

23.24.  The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and the Debtor, unless otherwise directed by the Court, will be final and binding on all parties.  The Debtor is authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtor or its counsel, be unlawful.  The Debtor is further authorized to waive or permit the cure of any defects or irregularities or conditions of delivery as to any particular Ballot.  Unless waived, any such defects or irregularities must be cured within such time as the Debtor (or the Court) determines.  Neither the Debtor nor any other person will be under any duty to provide notification of such defects or irregularities or failure to satisfy conditions of delivery nor will any of them incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made and such Ballots will be invalid until such defects or irregularities have been cured or waived.

24.25.  On or before [●]October 25, 2020, the Voting Agent shall file a voting report (the "**Voting Report**") verifying the results of its voting tabulations reflecting the votes cast

to accept or reject the Plan.  The Voting Report shall, among other things, describe generally every Ballot received by the Voting Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged.

25.26.  The Confirmation Hearing will be held on [●]October 27, 2020 at [●]:00 [●].m.10:00 a.m. (ET); *provided*, *however*, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtor without further notice to parties other than noting the adjournment in the hearing agenda for the noticed Confirmation Hearing or an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

26.27.  Objections to confirmation of the Plan (a "**Plan Objection**"), if any, must (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; (iii) state with particularity the basis and nature of any objection; and (iv) be filed, together with proof of service, with the Court and served so that they are actually received no later than [●]October 13, 2020, at 5:00 p.m. (ET) by the following (the "**Notice Parties**"):  (a) counsel to the Debtor:  (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099, Attn: Paul V. Shalhoub, Esq. (pshalhoub@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Ciara A. Copell, Esq. (ccopell@willkie.com), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), and Allison S. Mielke, Esq. (amielke@ycst.com); (b) the U.S. Department of Justice: United States Department of Justice, 1100 L St. NW, Room 7108, Washington, DC 20005, Attn: Rodney A. Morris, Esq. (rodney.morris2@usdoj.gov) and

Phil M. Seligman, Esq. (philip.seligman@usdoj.gov); (c) outside counsel to the United States Department of Energy: Allen & Overy LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Laura R. Hall, Esq. (laura.hall@allenovery.com) and Joseph Badtke-Berkow, Esq. (joseph.badtke-berkow@allenovery.com); (d) counsel to Cobra Energy Investments, LLC: (i) Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178, Attn: Benjamin D. Feder, Esq. (bfeder@kelleydrye.com) and Joel Rublin, Esq. (jrublin@kelleydrye.com) and (ii) Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, P.O. Box 951, Wilmington, DE 19801, Attn: Christopher M. Samis, Esq. (csamis@potteranderson.com) and L. Katherine Good, Esq. (kgood@potteranderson.com); (e) counsel to any official committee appointed in the Chapter 11 Case, if any; and (f) the ~~U.S. Trustee:  The~~ Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: David Villagrana, Esq. (david.villagrana2@usdoj.gov) and David L. Buchbinder, Esq. (david.l.buchbinder@usdoj.gov).

~~27.~~28.  The Debtor, or any other party supporting confirmation of the Plan, may file responses to any Plan Objection (or any other pleading in support of confirmation of the Plan) on or before ~~[●]~~October 25, 2020~~, at [●] [●].m~~ at 12:00 p.m. (ET).

~~28.~~29.  The Plan Supplement shall be filed and served no later than ~~seven (7) days prior to the Voting Deadline~~October 6, 2020.

~~29.~~30.  The Debtor and the Voting Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of this Court.

~~30.~~31.  The Debtor is authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballot and Voting Instructions, the Confirmation Hearing Notice, and the Notice of Non-Voting Status and related documents without further order of this Court, including,

without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any materials in the Solicitation Package or Non-Voting Package prior to their distribution.

31.32. Attached hereto as Annex I is a timetable of the significant dates related to solicitation and confirmation of the Plan.

33. Brahma Group, Inc. ("**Brahma**") is deemed to have opted out of the third party releases provided for in Section 12.6(d) of the Plan, without the need of any further action or notice by Brahma (including, without limitation, any submission to the Debtor of an executed opt out form or any other document), and the Debtor acknowledges and agrees that Acceptable Language will be included into the Confirmation Order. "Acceptable Language" is the language proposed by and/or otherwise acceptable to Brahma for inclusion into the Confirmation Order, providing that:

(a) notwithstanding any other provision of the Plan (including, without limitation, Sections 5.2, 5.4, 7.10, 8.7, 12.1, 12.2, 12.4, 12.5, 12.6, 12.7, and 12.9), any and all Claims (including, without limitation, any and all Other Secured Claims and General Unsecured Claims) (the "**Brahma Claims**") and Liens (if any) of Brahma (collectively, "**Brahma Claims/Liens**"), and any and all actions and legal proceedings, including (a) the Lien Action (as defined in the Disclosure Statement), (b) all Nevada state court proceedings (including Nye County Case Nos. CV 39348 and CV 39799, separately and/or as consolidated, Clark County case number A-18-777815-C, and all appeals and writ actions taken from such actions), and (c) case number 2:18-cv-01747-RFB-GWF filed in the United States District Court for the District of Nevada (collectively, the "**Brahma Actions**") relating to the Brahma Claims/Liens, the Crescent Dunes Solar Energy Project (the "**Project**") and/or that certain Surety Bond #854481 (recorded as Doc

#898974 in the Official Records of Nye County, Nevada) and Surety Rider Bond #854481 (recorded as Doc #900303) provided by Cobra Thermosolar Plants, Inc. as surety (collectively, the "**Surety Bond**"), shall be unimpaired and unaffected by the Plan and/or other Plan Documents;

    (b) as of the Effective Date, any applicable stay under the Bankruptcy Code (including, without limitation, any stays and injunctions that would otherwise be imposed as of the Effective Date under the Plan) will be lifted and terminated, and not enjoin any Brahma Actions (provided further that Brahma retains its rights to seek earlier relief from the automatic stay or other applicable stay prior to Plan confirmation); and

    (c) there shall be no release and/or discharge of (a) the Debtors or any third parties under the Plan of the Brahma Claims, including, without limitation, all Claims which are pending in the Brahma Actions, and (b) Brahma's rights and claims under or relating to the Project or the Surety Bond, all of which shall remain unaffected by the Plan, the Confirmation Order, and the Plan Documents.

    ~~32.~~34.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, enforcement, and interpretation of this Order.

**ANNEX I**

| Proposed Dates and Deadlines in Connection with Confirmation | |
|---|---|
| Disclosure Statement Hearing | September 4, 2020 at 10:00 a.m. (ET) |
| Record Date | September 4, 2020 |
| Solicitation Date | September 11, 2020 |
| Deadline to File Claims Objections for Plan Voting Purposes | September 29, 2020 |
| Deadline to File Bankruptcy Rule 3018 Motions for Plan Voting Purposes | October 2, 2020 at 4:00 p.m. (ET) |
| Deadline to File Claims Objections for Plan Voting Purposes | 14 Days Before the Voting Deadline |
| Deadline to File Plan Supplement | Seven (7) Days Before the Voting DeadlineOctober 6, 2020 |
| Voting Deadline | October 13, 2020 at 5:00 p.m. (ET) Seven (7) Days Before the Confirmation Hearing |
| Confirmation Objection Deadline | October 13, 2020 at 5:00 p.m. (ET)Seven (7) Days Before the Confirmation Hearing |
| Deadline for Voting Agent to File Plan Voting Report | Two (2) Business Days Before the Confirmation HearingOctober 25, 2020 |
| Deadline to Reply to Plan Objections | 4:00 October 25, 2020 at 12:00 p.m. (ET) 2 Business Days Before the Confirmation Hearing |
| Confirmation Hearing | Seven (7) Days After the Confirmation Objection DeadlineOctober 27, 2020 at 10:00 a.m. (ET) |

## **EXHIBIT 1**

**Disclosure Statement**

**<u>EXHIBIT 2</u>**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TONOPAH SOLAR ENERGY, LLC,[1] | Case No. 20-11884 (KBO) |
| Debtor. | Ref. Docket No. _____ |

**NOTICE OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF BALLOT AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1. ***Approval of the Disclosure Statement.*** At a hearing held on September 4, 2020 (the "**Disclosure Statement Hearing**"), the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the above-captioned chapter 11 case of Tonopah Solar Energy, LLC (the "**Debtor**"), entered an order [Docket No. (●)] (the "**Disclosure Statement Order**") approving the *Disclosure Statement for Chapter 11 Plan for Tonopah Solar Energy, LLC*, dated as of July 30, 2020, and attached as Exhibit 1 to the Disclosure Statement Order (as amended, modified or supplemented from time to time, the "**Disclosure Statement**") as containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and authorized the Debtor to solicit votes to accept or reject the *Chapter 11 Plan for Tonopah Solar Energy, LLC*, dated as of July 30, 2020 (as amended, modified or supplemented from time to time, the "**Plan**"), annexed as Appendix A to the Disclosure Statement.[2]

2. ***Classification of Claims and Interests Under the Plan.*** The classification and treatment of Claims and Interests under the Plan is described generally below:

| Class | Claim or Interest | Summary of Treatment | Estimated Allowed Amount of Claims | Projected Recovery Under Plan |
|---|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired *Presumed to Accept Plan* | $0.00 | 100% |
| 2 | Other Secured Claims | Unimpaired *Presumed to Accept Plan* | $481,863.46 | 100% |

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Tonopah Solar Energy, LLC (1316). The Debtor's headquarters is located at 11 Gabbs Pole Line Road, Tonopah, NV 89049.

[2] Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Plan.

26967326.1

| Class | Claim or Interest | Summary of Treatment | Estimated Allowed Amount of Claims | Projected Recovery Under Plan |
|-------|-------------------|----------------------|-----------------------------------|-------------------------------|
| 3 | Prepetition Note Claims | Impaired *Presumed to Vote on Plan* | $434,684,702.10 | 47% |
| 4 | General Unsecured Claims | Unimpaired *Presumed to Accept Plan* | $770,000.00 | 100% |
| 5 | Existing Interests | Impaired *Deemed to Reject Plan* | $420,779,227.24 | 0% |

3.    *Deadline for Voting on the Plan.*  The Court has established [•]October 13, 2020, at 5:00 p.m. (ET) (the "**Voting Deadline**") as the deadline by which Ballots accepting or rejecting the Plan must be received.  Only the holder of Claims in Class 3 (Prepetition Note Claims) under the Plan is entitled to vote on the Plan and will receive a Ballot to cast its vote.  To be counted, a Ballot must be properly executed, completed, and delivered to the Voting Agent, so as to be received by the Voting Agent no later than the Voting Deadline, unless extended by the Debtor.

Ballots will not be accepted by facsimile transmission.  Holders of Unimpaired Claims under the Plan (i.e., Class 1 Priority Non-Tax Claims, Class 2 Other Secured Claims, and Class 4 General Unsecured Claims) and Classes that are deemed to reject the Plan (i.e., Class 5 Existing Interests) are not entitled to vote on the Plan.

4.    *Confirmation Hearing.*  A hearing to consider the confirmation of the Plan and for such other and further relief as may be just or proper (the "**Confirmation Hearing**") will be held on [•]October 27, 2020, at [•] [•].m10:00 a.m. (ET) before the Honorable Karen B. Owens, United States Bankruptcy Judge, at for the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801.  The Confirmation Hearing may be continued by the Debtor from time to time without further notice to holders of Claims or Interests or other parties in interest other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or on the applicable hearing agenda or a notice filed with the Bankruptcy Court.  The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.  If the Bankruptcy Court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

5.    *Deadline for Objections to Confirmation of the Plan.  Objections, if any, to confirmation of the Plan,* must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **before 5:00 p.m. (ET) on** [•]October 13, 2020: (a) counsel to the Debtor: (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099, Attn: Paul V. Shalhoub, Esq. (pshalhoub@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Ciara A. Copell, Esq. (ccopell@willkie.com), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq., Matthew B. Lunn, Esq., and Allison S. Mielke, Esq.); (b) the U.S. Department of Justice: United States Department of Justice, 1100 L St. NW, Room 7108, Washington, DC 20005, Attn: Rodney A. Morris, Esq. (rodney.morris2@usdoj.gov) and Phil M. Seligman, Esq. (philip.seligman@usdoj.gov); (c) outside counsel to the U.S. Department of Energy: Allen & Overy LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Laura R. Hall, Esq. (laura.hall@allenovery.com) and Joseph Badtke-Berkow, Esq. (joseph.badtke-

26967326.1

2

berkow@allenovery.com); (d) counsel to Cobra Energy Investments, LLC: (i) Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178, Attn: Benjamin D. Feder, Esq. (bfeder@kelleydrye.com) and Joel Rublin, Esq. (jrublin@kelleydrye.com) and (ii) Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, P.O. Box 951, Wilmington, DE 19801, Attn: Christopher M. Samis, Esq. (csamis@potteranderson.com) and L. Katherine Good, Esq. (kgood@potteranderson.com); (e) counsel to any official committee appointed in the Chapter 11 Case; and (f) The the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: David Villagrana, Esq. (david.villagrana2@usdoj.gov) and David L. Buchbinder, Esq. (david.l.buchbinder@usdoj.gov).

6.    ***Certain Voting Issues.***  Any party that wishes to challenge the allowance of its Claim for voting purposes shall serve on counsel to the Debtor and file with the Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan **on or before 4:00 p.m. (ET) on October 2, 2020**.

7.    ***RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN.  ARTICLE XII OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.  YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER YOUR RIGHTS ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.***

8.    ***The releases in Section 12.6 of the Plan (the "Releases") bind, as applicable, the Debtor, Cobra, the DOE, and the "Third-Party Releasing Parties" who do not affirmatively opt out of the Release set forth in Section 12.6(d) of the Plan.  Third Party Releasing Parties are defined in the Plan as follows: collectively, all Persons with a Claim, including a Cause of Action, against and/or Interest in the Debtor or related to the Crescent Dunes Solar Energy Project who (i) are deemed to accept the Plan and who do not affirmatively opt out of," which the Plan defines as follows: "collectively, all Persons with a Claim, including a Cause of Action, against and/or Interest in the Debtor or related to the Crescent Dunes Solar Energy Project who (i) are deemed to accept the Plan and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable notice of non-voting status indicating that they opt not to grant the releases provided in the Plan (provided, that Cobra and its Affiliates shall not be entitled to opt out of be deemed to consent to such releases), and (ii) are deemed to reject the Plan and who do not affirmatively opt out of in to the releases provided by the Plan by checking the box on the applicable notice of non-voting status indicating that they opt not to grant the releases provided in the Plan, and (iii) each of the foregoing's respective current and former parents, Affiliates and subsidiaries, and their current and former parents', Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in their capacity as such."***

***Section 12.6(e) of the Plan contains the following provision:***

> ***"Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in the Plan is:  (i) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Claims; (ii) in the best interests of the Debtor, the United States and all Third Party Releasing Parties; (ii) fair, equitable and reasonable; (iv) given and made after due notice and opportunity***

*for hearing; and (v) a bar to the Debtor and all Third Party Releasing Parties asserting any claim, Cause of Action or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property."*

9.     *Additionally, Article XII of the Plan contains certain provisions regarding exculpation and injunctions.  All parties are advised to read Article XII of the Plan carefully and consult with their own advisors with respect thereto.  The text of the relevant provisions of Article XII of the Plan are as follows:*

> *<u>Section 12.8.   Exculpation and Limitation of Liability</u>.   On the Effective Date, except as otherwise provided in the Plan or the Confirmation Order, for good and valuable consideration, to the maximum extent permissible under applicable law, none of the Exculpated Parties shall have or incur any liability to any holder of any Claim or Interest or any other Person for any act or omission in connection with, or arising out of the Debtor's restructuring, including the negotiation, implementation and execution of this Plan, the Plan Supplement, the Chapter 11 Case, the Prepetition Note Documents, the solicitation of votes for and the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, including all documents ancillary thereto, all decisions, actions, inactions and alleged negligence or misconduct relating thereto and all activities leading to the promulgation and confirmation of this Plan except for gross negligence or willful misconduct, each as determined by a Final Order of the Bankruptcy Court.  For purposes of the foregoing, it is expressly understood that any act or omission effected with the approval of the Bankruptcy Court conclusively will be deemed not to constitute gross negligence or willful misconduct unless the approval of the Bankruptcy Court was obtained by fraud or misrepresentation, and in all respects, the applicable Persons shall be entitled to rely on the advice of counsel with respect to their duties and responsibilities under, or in connection with, the Chapter 11 Case, the Plan, and administration thereof.  The Exculpated Parties have, and upon confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the distributions of the securities pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.*

> *<u>Section 12.9.  Injunction Related to Releases and Exculpation</u>.  The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released pursuant to this Plan, including the claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action and liabilities released in or encompassed by Sections 12.6 and 12.7 of this Plan.  The Debtor is expressly authorized hereby to seek to enforce such injunction.*

10.     *Copies of Documents.*  Copies of the Plan, the Disclosure Statement, the Plan Supplement (which was filed on July 30, 2020), and the Disclosure Statement Order are, or will be, available for review free of charge at **https://dm.epiq11.com/Tonopah**.  In addition, copies of the Plan are available upon written request via first class mail to the Debtor's Voting Agent at the Tonopah Solar Energy, LLC Ballot Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005, by submitting an inquiry to the Voting Agent via email at **tabulation@epiqglobal.com** with a reference to "Tonopah" in the subject line, or by contacting the Voting Agent via telephone at 1-866-897-6433 (Toll Free U.S. and Canada) or 1-646-282-2500 (International).  If you are the holder of a Claim and believe that you are entitled to vote on the Plan, but you did not receive a Solicitation Package, or if you have any questions concerning voting

26967326.1

procedures, you should contact the Voting Agent electronically, in writing, or via telephone using the contact information set forth above.

Dated:    [●], 2020                          YOUNG CONAWAY STARGATT & TAYLOR, LLP
          Wilmington, Delaware

                                             /s/
                                             _____
                                             Edmon L. Morton (No. 3856)
                                             Matthew B. Lunn (No. 4119)
                                             Allison S. Mielke (No. 5934)
                                             Jared W. Kochenash (No. 6557)
                                             Rodney Square
                                             1000 North King Street
                                             Wilmington, Delaware 19801
                                             Tel:    (302) 571-6600
                                             Fax:    (302) 571-1253
                                             Email: emorton@ycst.com
                                                     mlunn@ycst.com
                                                     amielke@ycst.com
                                                     jkochenash@ycst.com

                                             -and-

                                             WILLKIE FARR & GALLAGHER LLP

                                             Matthew A. Feldman (admitted *pro hac vice*)
                                             Paul V. Shalhoub (admitted *pro hac vice*)
                                             Andrew S. Mordkoff (admitted *pro hac vice*)
                                             Ciara A. Copell (admitted *pro hac vice*)
                                             787 Seventh Avenue
                                             New York, NY 10019-6099
                                             Tel:  (212) 728-8000
                                             Fax:  (212) 728-8111
                                             Email: mfeldman@willkie.com
                                                     pshalhoub@willkie.com
                                                     amordkoff@willkie.com
                                                     ccopell@willkie.com

                                             ~~Proposed~~ Co-Counsel to the Debtor and Debtor in Possession

## **EXHIBIT 3**

**Form of Ballot**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TONOPAH SOLAR ENERGY, LLC,[1] | Case No. 20-11884 (KBO) |
| Debtor. | |

## U.S. DEPARTMENT OF ENERGY BALLOT FOR CLASS 3
## PREPETITION NOTE CLAIMS FOR ACCEPTING OR REJECTING
## THE CHAPTER 11 PLAN FOR TONOPAH SOLAR ENERGY, LLC

> **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT BY [●]OCTOBER 13, 2020 AT 5:00 P.M. (ET)**

This ballot (the "**Ballot**") is being submitted to you by the above-captioned debtor and debtor in possession (the "**Debtor**") to solicit your vote to accept or reject the *Chapter 11 Plan for Tonopah Solar Energy, LLC* (as amended, modified or supplemented from time to time, the "**Plan**") submitted by the Debtor and described in and attached as Appendix A to the related *Disclosure Statement for Chapter 11 Plan for Tonopah Solar Energy, LLC* (the "**Disclosure Statement**") that was approved by an order [Docket No. ●] (the "**Disclosure Statement Order**") of the United States Bankruptcy Court for the District of Delaware (the "**Court**") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan, you may obtain a copy free of charge on the webpage of Epiq Corporate Restructuring, LLC (the "**Voting Agent**") at **https://dm.epiq11.com/Tonopah**.  Copies of the Disclosure Statement and Plan are also available:  (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at **tabulation@epiqglobal.com** with a reference to "Tonopah" in the subject line; or by telephone at 1-866-897-6433 (Toll Free U.S. and Canada) or 1-646-282-2500 (International).

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Tonopah Solar Energy, LLC (1316).  The Debtor's headquarters is located at 11 Gabbs Pole Line Road, Tonopah, NV 89049.

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 3 under the Plan.

If your Ballot is not actually received by the Voting Agent on or before [●]October 13, 2020 at 5:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtor, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

You may return your Ballot in the return envelope provided in your package or by one of the following methods:

> *If by First Class Mail*:
>
> Tonopah Solar Energy, LLC Ballot Processing Center
> c/o Epiq Corporate Restructuring, LLC
> P.O. Box 4422
> Beaverton, OR 97076-4422
>
> *If by Overnight Courier or Overnight Mail*:
>
> Tonopah Solar Energy, LLC Ballot Processing Center
> c/o Epiq Corporate Restructuring, LLC
> 10300 SW Allen Boulevard
> Beaverton, OR 97005
>
> *If by email*:
>
> tabulation@epiqglobal.com and reference "Tonopah Vote" in the subject line

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1.  Vote Amount**.  For purposes of voting to accept or reject the Plan, as of [●]September 4, 2020 (the "**Record Date**"), the United States Department of Energy (the "**Claimant**") was a holder of a Class 3 Prepetition Note Claim against the Debtor in the aggregate amount set forth below.[2]

$432,120,913.53

---

[2] For voting purposes only, subject to tabulation rules.

26967326.1

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐      **ACCEPTS (votes FOR) the Plan**.

☐      **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>**

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN AND ARE A HOLDER OF A CLAIM IN CLASS 3, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE DEBTOR AND COBRA TO THE EXTENT PROVIDED IN SECTION 12.6(C) OF THE PLAN.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article XII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article XII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, relevant to the United States Department of Energy, Section 12.6(c) of the Plan provides:

*"DOE only unconditionally and irrevocably releases the Debtor and Cobra, and each of their respective financial advisors and attorneys, from (i) the Prepetition Note Claim and (ii) any claims or Causes of Action arising out of or relating to the Prepetition Note Claim and/or the Crescent Dunes Solar Energy Project.*

*Notwithstanding anything to the contrary in this Plan, including section 12.6(a), without conceding the existence or merits thereof, neither the above paragraphs nor the Plan releases: (i) any civil, criminal or administrative liability arising under Title 26 of the United States Code (the Internal Revenue Code); (ii) any criminal liability; (iii) any liability under subchapter III of chapter 37 of Title 31 of the United States Code; (iv) any liability that is based on conduct in violation of antitrust laws; (v) any claim of any agency of the United States of America other than DOE; (v) the Debtor's and Cobra's obligations under Section 5.3(b) of the Plan regarding the Prepetition Note Claim."*

"Causes of Action" is   defined in the Plan as follows:

<u>*Causes of Action*</u>*: Any claims, interests, damages, remedies, causes of action, demands, rights, actions, suits, obligations, liabilities, accounts, defenses, offsets, powers, privileges, licenses, liens, indemnities, guaranties, and franchises of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or*

*unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, in contract, tort, law, equity, or otherwise.  Causes of Action also include: (i) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law; (ii) the right to object to or otherwise contest Claims or equity interests; (iii) Avoidance Actions and any and all claims pursuant to sections 362, 510, 542, 543, 544 through 550, or 553 of the Bankruptcy Code; and (iv) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code.*

**Item 4.  Certification**.  By signing this Ballot, the United States Department of Justice, on behalf of itself and the Claimant, certifies that:  (i) on the Record Date, the Claimant was the holder of the Class 3 Prepetition Note Claims to which this Ballot pertains or an authorized signatory for such holder; (ii) the United States Department of Justice has full power and authority to vote to accept or reject the Plan on behalf of the Claimant and execute and return the Ballot; and (iii) the Claimant has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: <u>United States Department of Energy</u>

**Signature**: _____

Name (if different from Claimant): _____

Title: _____ _____

Address: _____

_____

_____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign, and date this Ballot and return it, with your original signature, by mail, hand delivery or overnight courier, or email so that it is received by the Voting Agent by [●]October 13, 2020 at 5:00 p.m. (ET).**

26967326.1

## **VOTING INSTRUCTIONS**

1.       In order for your vote to count, you must:

        (i)       In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

        (ii)      Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.       **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually</u> <u>received</u> by the Voting Agent not later than [•]October 13, 2020 at 5:00 p.m. (ET).**

3.       Return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or by one of the following methods:

        ***If by First Class Mail:***

        **Tonopah Solar Energy, LLC Ballot Processing Center**
        **c/o Epiq Corporate Restructuring, LLC**
        **P.O. Box 4422**
        **Beaverton, OR 97076-4422**

        ***If by Overnight Courier or Overnight Mail:***

        **Tonopah Solar Energy, LLC Ballot Processing Center**
        **c/o Epiq Corporate Restructuring, LLC**
        **10300 SW Allen Boulevard**
        **Beaverton, OR 97005**

        ***If by email:***

        **tabulation@epiqglobal.com and reference "Tonopah Vote" in the subject line**

4.       THE BALLOT YOU SUBMIT MUST BEAR YOUR SIGNATURE. DO NOT SUBMIT YOUR BALLOT BY FAX.  A Ballot submitted by fax, will not be counted, unless approved by the Debtor in writing or otherwise ordered by the Court.

5.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

6.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

7.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

8.      Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

9.      This Ballot does not constitute, and shall not be deemed to be, a proof of claim against the Debtor or an assertion or admission of a Claim by the Debtor.

10.     **If you wish to have your Claim temporarily allowed for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) in a different amount or classification, you must file with the Court and serve on the Debtor's attorneys no later than 4:00 p.m. ET on October 2, 2020 a motion seeking such temporary allowance and a notice of hearing on such motion.**

11.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

12.     PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT ~~AT~~ BY EMAIL AT ~~HTTPS://DM.EPIQ11.COM/TONOPAH~~ TABULATION@EPIQGLOBAL.COM   OR   BY TELEPHONE AT 1-866-897-6433 (TOLL FREE U.S. AND CANADA) OR 1-646-282-2500 (INTERNATIONAL).

PLEASE NOTE THAT THE VOTING AGENT IS NOT PERMITTED TO GIVE LEGAL ADVICE.   YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

26967326.1

**EXHIBIT 4**

**Notice of Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TONOPAH SOLAR ENERGY, LLC,[1] | Case No. 20-11884 (KBO) |
| Debtor. | **Confirmation Hearing:** [●]October 27**, 2020 at** [●] **10:00 a.m. (ET)** |
| | **Objection Deadline:** [●] at [●] October 13, 2020 at 5:00 p.m. **(ET)** |

<u>**NOTICE OF NON-VOTING STATUS**</u>

  **PLEASE TAKE NOTICE THAT** the above-captioned debtor and debtor in possession (the "**Debtor**") submitted the *Chapter 11 Plan for Tonopah Solar Energy, LLC* (as amended, modified or supplemented from time to time, the "**Plan**"),[2] which is described in and attached as Appendix A to the related *Disclosure Statement for the Chapter 11 Plan for Tonopah Solar Energy, LLC*, dated as of July 30, 2020 (the "**Disclosure Statement**"), that was approved by an order [Docket No. ●] (the "**Disclosure Statement Order**") of the United States Bankruptcy Court for the District of Delaware (the "**Court**") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement Order authorizes the Debtor to solicit votes to accept or reject the Plan from the holders of Claims in the Voting Class (as defined in the Disclosure Statement Order).

  **YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS IN CLASSES OF UNIMPAIRED CLAIMS PRESUMED TO ACCEPT THE PLAN, OR OF CLAIMS AND INTERESTS IN CLASSES OF IMPAIRED CLAIMS DEEMED TO REJECT THE PLAN, THAT, IN EITHER CASE, ARE NOT ENTITLED TO VOTE ON THE PLAN.  THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN FOR PURPOSES OF PLAN VOTING.**

| Class | Claim or Interest | Summary of Treatment |
|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired<br>*Presumed to Accept Plan* |
| 2 | Other Secured Claims | Unimpaired<br>*Presumed to Accept Plan* |
| 3 | Prepetition Note Claims | Impaired<br>*Entitled to Vote on Plan* |
| 4 | General Unsecured Claims | Unimpaired<br>*Presumed to Accept Plan* |

---

[1]  The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Tonopah Solar Energy, LLC (1316).  The Debtor's headquarters is located at 11 Gabbs Pole Line Road, Tonopah, NV 89049.

[2]  All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

| Class | Claim or Interest | Summary of Treatment |
|-------|-------------------|----------------------|
| 5 | Existing Interests | Impaired<br>***Deemed to Reject Plan*** |

**UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS IN CLASSES 1, 2, AND 4 ARE UNIMPAIRED UNDER THE PLAN AND THEREFORE, PURSUANT TO THE PLAN AND BANKRUPTCY CODE SECTION 1126(f), ARE (I) PRESUMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

**UNDER THE TERMS OF THE PLAN, HOLDERS OF INTERESTS IN CLASS 5 ARE IMPAIRED UNDER THE PLAN AND ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF THEIR INTERESTS IN THOSE CLASSES AND THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTION 1126(g), ARE (I) DEEMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

***ARTICLE XII OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.  YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.***

**PURSUANT TO SECTION 12.6(d) OF THE PLAN, EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THIS PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTOR UNDER THIS PLAN, THE PLAN CONSIDERATION AND OTHER CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS OR DOCUMENTS EXECUTED AND DELIVERED IN CONNECTION WITH THIS PLAN, EACH THIRD PARTY RELEASING PARTY WHO AFFIRMATIVELY OPTS TO GRANT THE RELEASES SET FORTH HEREIN SHALL BE DEEMED TO HAVE CONSENTED TO THIS PLAN AND THE RESTRUCTURING EMBODIED HEREIN FOR ALL PURPOSES, AND SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, ASSERTED OR UNASSERTED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE LAWS OR OTHERWISE, INCLUDING THE ICC ARBITRATION AND THE AVOIDANCE ACTIONS, CAUSES OF ACTION BASED ON VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY OR OTHERWISE THAT SUCH THIRD PARTY RELEASING PARTY COULD HAVE ASSERTED (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON, RELATING TO OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR; THE ESTATE; THE CHAPTER 11 CASE; THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTOR; THE CRESCENT DUNES SOLAR ENERGY PROJECT; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTOR AND ANY RELEASED PARTY (EXCLUDING ANY ASSUMED EXECUTORY CONTRACT OR LEASE); THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THE CHAPTER 11 CASE; THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN, THE RESTRUCTURING SUPPORT AGREEMENT, THE 26967326.1 DISCLOSURE STATEMENT, THE PLAN SUPPLEMENT, THE PREPETITION NOTE**

**DOCUMENTS, OR, THIS PLAN OR THE DISCLOSURE STATEMENT, OR, IN EACH CASE, RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE~~, PROVIDED, THAT~~ . ANY PARTY THAT ~~AFFIRMATIVELY OPTS OUT OF~~ CHOOSES NOT TO OPT IN TO THE RELEASES CONTAINED HEREIN SHALL NOT RECEIVE THE BENEFIT OF THE RELEASES SET FORTH IN THE PLAN (EVEN IF FOR ANY REASON OTHERWISE ENTITLED). NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, THE FOREGOING RELEASE SHALL NOT RELEASE ANY OBLIGATION OF ANY PARTY UNDER THE PLAN, OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.**

*The releases in Section 12.6 of the Plan (the "Releases") bind, as applicable, the Debtor, Cobra, the DOE, and the "Third-Party Releasing Parties," which the Plan defines as follows: "collectively, all Persons with a Claim, including a Cause of Action, against and/or Interest in the Debtor or related to the Crescent Dunes Solar Energy Project who (i) are deemed to accept the Plan and who ~~do not~~ affirmatively opt ~~out of~~ in to the releases provided by the Plan by checking the box on the applicable notice of non-voting status indicating that they opt ~~not~~ to grant the releases provided in the Plan (provided, that Cobra and its Affiliates shall ~~not be entitled to opt out of~~ be deemed to consent to such releases), and (ii) are deemed to reject the Plan and who ~~do not~~ affirmatively opt ~~out of~~ in to the releases provided by the Plan by checking the box on the applicable notice of non-voting status indicating that they opt ~~not~~ to grant the releases provided in the Plan, and (iii) each of the foregoing's respective current and former parents, Affiliates and subsidiaries, and their current and former parents', Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in their capacity as such."*

*Section 12.6(e) of the Plan provides:*

*"Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval~~, pursuant to Bankruptcy Rule 9019,~~ of the releases described in the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in the Plan is: (i) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Claims; (ii) in the best interests of the Debtor and all Third Party Releasing Parties; (ii) fair, equitable and reasonable; (iv) given and made after due notice and opportunity for hearing; and (v) a bar to the Debtor and all Third Party Releasing Parties asserting any claim, Cause of Action or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property."*

**UNDER THE PLAN, ALL PERSONS WITH A CLAIM, INCLUDING A CAUSE OF ACTION, AGAINST AND/OR INTEREST IN THE DEBTOR OR RELATED TO THE CRESCENT DUNES SOLAR ENERGY PROJECT WHO (I) ARE DEEMED TO ACCEPT THE PLAN AND WHO ~~DO NOT~~ AFFIRMATIVELY OPT ~~OUT OF~~ IN TO THE RELEASES PROVIDED BY THE PLAN BY CHECKING THE BOX ON THE APPLICABLE NOTICE OF NON-VOTING STATUS INDICATING**

THAT THEY OPT ~~NOT~~ TO GRANT THE RELEASES PROVIDED IN THE PLAN,[3] AND (II) ARE DEEMED TO REJECT THE PLAN AND WHO ~~DO NOT~~ AFFIRMATIVELY OPT ~~OUT OF~~ IN TO THE RELEASES PROVIDED BY THE PLAN BY CHECKING THE BOX ON THE APPLICABLE NOTICE OF NON-VOTING STATUS INDICATING THAT THEY OPT ~~NOT~~ TO GRANT THE RELEASES PROVIDED IN THE PLAN WILL ~~BE DEEMED TO~~ HAVE CONSENTED TO THE RELEASES SET FORTH IN THE PLAN.

PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO COMPLETE AND RETURN THE FORM ATTACHED HERETO AS **EXHIBIT A** INDICATING THAT YOU OPT ~~OUT~~ IN TO THE RELEASES SET FORTH IN SECTION 12.6(d) OF THE PLAN TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BY ~~[●]~~OCTOBER 20, 2020 AT 5:00 P.M. (PREVAILING EASTERN TIME), YOU WILL ~~BE DEEMED TO HAVE CONSENTED TO THE RELEASES SET FORTH IN SECTION 12.6(d) OF THE PLAN AND YOU WILL~~ NOT RECEIVE THE BENEFIT OF THE RELEASES SET FORTH IN THE PLAN.

PLEASE TAKE FURTHER NOTICE THAT FORMS SHOULD BE RETURNED BY ONLINE SUBMISSION, FIRST CLASS MAIL, HAND DELIVERY, OR OVERNIGHT MAIL IN ACCORDANCE WITH THE INSTRUCTIONS ON THE NON-DEBTOR RELEASE OPT ~~OUT~~ IN ELECTION FORM.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding this Notice of Non-Voting Status, you have the right to object to confirmation of the Plan. Procedures for objecting to confirmation of the Plan are set forth in the Notice of *Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing the Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of Ballot and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures; and (IV) Granting Related Relief*, enclosed herewith.

Copies of the Plan, the Disclosure Statement, the Plan Supplement (which was filed on July 30, 2020), and the Disclosure Statement Order are, or will be, available for review free of charge at **https://dm.epiq11.com/Tonopah**. In addition, copies of the Plan are available upon written request via first class mail to Epiq Corporate Restructuring, LLC (the "**Voting Agent**") at the Tonopah Solar Energy, LLC Ballot Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005, by submitting an inquiry to the Voting Agent via email at **tabulation@epiqglobal.com** with a reference to "Tonopah" in the subject line, or by contacting the Voting Agent via telephone at 1-866-897-6433 (Toll Free U.S. and Canada) or 1-646-282-2500 (International).

*[Signature Page Follows]*

---

[3] Cobra and its Affiliates (as such terms are defined in the Plan) shall ~~not be entitled to opt out of~~ be deemed to consent to the releases set forth in the Plan.

~~26967326.1~~

Dated:      **[●]**, 2020
            Wilmington, Delaware


YOUNG CONAWAY STARGATT & TAYLOR, LLP
*/s/*
_____
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email: emorton@ycst.com
        mlunn@ycst.com
        amielke@ycst.com
        jkochenash@ycst.com


WILLKIE FARR & GALLAGHER LLP

Matthew A. Feldman (admitted *pro hac vice* pending)
Paul V. Shalhoub (admitted *pro hac vice* pending)
Andrew S. Mordkoff (admitted *pro hac vice* pending)
Ciara A. Copell (admitted *pro hac vice* pending)
787 Seventh Avenue
New York, NY 10019-6099
Tel:  (212) 728-8000
Fax:  (212) 728-8111
Email: mfeldman@willkie.com
        pshalhoub@willkie.com
        amordkoff@willkie.com
        ccopell@willkie.com


*Proposed Co-Counsel to the Debtor and
Debtor in Possession*

## EXHIBIT A TO NOTICE OF NON-VOTING STATUS

**Release ~~Opt-Out~~ Opt-In Election Form**

**NON-DEBTOR RELEASE ~~OPT-OUT~~ OPT-IN ELECTION FORM**

**Release Opt-Out Election**.  Article 12 of the Plan includes the following release in favor of Debtor and certain specified non-Debtor parties that will be granted to the maximum extent permitted by applicable law (such release, as set forth in Article 12.6(d) of the Plan, the "**Non-Debtor Release**"):

**Releases by the Third Party Releasing Parties. PURSUANT TO SECTION 12.6(d) OF THE PLAN,** EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THIS PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTOR UNDER THIS PLAN, THE PLAN CONSIDERATION AND OTHER CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS OR DOCUMENTS EXECUTED AND DELIVERED IN CONNECTION WITH THIS PLAN, EACH THIRD PARTY RELEASING PARTY WHO AFFIRMATIVELY OPTS TO GRANT THE RELEASES SET FORTH HEREIN SHALL BE DEEMED TO HAVE CONSENTED TO THIS PLAN AND THE RESTRUCTURING EMBODIED HEREIN FOR ALL PURPOSES, AND SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, ASSERTED OR UNASSERTED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE LAWS OR OTHERWISE, INCLUDING THE ICC ARBITRATION AND THE AVOIDANCE ACTIONS, CAUSES OF ACTION BASED ON VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY OR OTHERWISE THAT SUCH THIRD PARTY RELEASING PARTY COULD HAVE ASSERTED (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON, RELATING TO OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR; THE ESTATE; THE CHAPTER 11 CASE; THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTOR; THE CRESCENT DUNES SOLAR ENERGY PROJECT; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTOR AND ANY RELEASED PARTY (EXCLUDING ANY ASSUMED EXECUTORY CONTRACT OR LEASE); THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THE CHAPTER 11 CASE; THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN, THE RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN SUPPLEMENT, THE PREPETITION NOTE DOCUMENTS, OR THIS PLAN OR THE DISCLOSURE STATEMENT, OR, IN EACH CASE, RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE~~; PROVIDED, THAT~~ . ANY PARTY THAT ~~AFFIRMATIVELY OPTS OUT OF~~ CHOOSES NOT TO OPT IN TO THE RELEASES CONTAINED HEREIN SHALL NOT RECEIVE THE BENEFIT OF THE RELEASES SET FORTH IN THE PLAN (EVEN IF FOR ANY REASON OTHERWISE ENTITLED). NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, THE FOREGOING RELEASE SHALL NOT RELEASE ANY OBLIGATION OF ANY PARTY UNDER THE PLAN, OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.

As a claim or interest holder of the Debtor, you should read Article 12.6 of the Plan carefully as it may affect your rights by releasing claims that you may hold against the Released Parties.  You should check the box below if you ~~DO NOT  consent~~ CONSENT to the Non-Debtor Release.  If you fail to return this form with the box set forth below checked, you will ~~be deemed to have consented to the releases set forth in Article 12.6 of the Plan, and you will~~ not receive the benefit of the releases set forth in the Plan.

☐    **The undersigned ~~does not consent~~ consents to the releases set forth in Article 12 of the Plan.**

Acknowledgments.  By signing this ~~opt-out~~ opt-in election, the undersigned certifies that the undersigned has the power and authority to elect whether to grant the releases contained in Section 12(d) of the Plan.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

## **NON-DEBTOR RELEASE ~~OPT-OUT~~ OPT-IN ELECTION FORM INSTRUCTIONS**

If you have decided ~~NOT to consent~~ to CONSENT to the Non-Debtor Release, check the box indicating that you ~~do not~~ consent to the releases contained in Article 12 of the Plan and return this form by only *one* of the following methods:

- ***If by Online Submission***

Epiq will accept Non-Debtor Release Opt-~~Out~~-In Election Forms "**Opt-~~Out~~-In Forms**" if properly completed through the E-Ballot Portal.  To submit your Opt-~~Out~~-In Form via the E-Ballot Portal, visit **https://dm.epiq11.com/Tonopah**, click on the "E-Ballot" section of Epiq's website for the Debtor and follow the instructions to submit your Opt-~~Out~~-In Form.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Opt-~~Out~~-In Form:

Unique E-ID#:_____

Epiq's E-Ballot Portal is the sole manner in which Opt-~~Out~~-In Forms will be accepted via electronic or online transmission.   Opt-~~Out~~-In Forms submitted by facsimile, email or other means of electronic transmission will not be valid.

- ***If by Hand Delivery or Overnight Mail***

Tonopah Solar Energy, LLC
Ballot Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Boulevard
Beaverton, OR 97005

- ***If by First Class Mail:***

Tonopah Solar Energy, LLC
Ballot Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4422
Beaverton, OR 97076-4422

## **EXHIBIT B**

**Disclosure Statement Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TONOPAH SOLAR ENERGY, LLC,[1] | Case No. 20-11884 (KBO) |
| | **Ref. Docket Nos. 25 & 26** |
| Debtor. | **Hearing Date:**<br>September 4, 2020 at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>August ~~13~~28, 2020 at 4:00 p.m. (ET) |

## NOTICE OF HEARING TO CONSIDER
## APPROVAL OF DISCLOSURE STATEMENT

**PLEASE TAKE NOTICE THAT**, on July 30, 2020, the above-captioned debtor and debtor-in-possession (the "**Debtor**") filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") the *Chapter 11 Plan for Tonopah Solar Energy, LLC* [Docket No. 25] (as may be subsequently amended, modified, or supplemented, the "**Plan**")[2] and the *Disclosure Statement for Chapter 11 Plan for Tonopah Solar Energy, LLC* [Docket No. 26] (as may be subsequently amended, modified, or supplemented, the "**Disclosure Statement**").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtor intends to present the Disclosure Statement for approval at a hearing before the Honorable Karen B. Owens on **September 4, 2020 at 10:00 a.m. (ET)** convened at the Bankruptcy Court, 824 North Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801 (the "**Disclosure Statement Hearing**"). The Disclosure Statement may be amended, modified, or supplemented at any time prior to or at the Disclosure Statement Hearing, and the Disclosure Statement Hearing may be adjourned from time to time without further notice, except for the announcement of the adjourned date(s) through the agenda for the Disclosure Statement Hearing and/or at the Disclosure Statement Hearing or any continued hearing(s).

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, to the approval of the Disclosure Statement must:  (A) be in writing; (B) state the name, address, and nature of the Claim or Interest of the objecting or responding party proposing a modification to the Disclosure Statement; (C) state with particularity the legal and factual basis and nature of any objection and set forth the proposed modification to the Disclosure Statement, together with suggested language; (D) be filed with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor,

---

[1]  The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Tonopah Solar Energy, LLC (1316).  The Debtor's headquarters is located at 11 Gabbs Pole Line Road, Tonopah, NV 89049.

[2]  All capitalized terms used but not otherwise defined herein shall have the meaning provided to them in the Plan.

Wilmington, Delaware 19801, together with proof of service, **on or before August ~~13~~28, 2020 at 4:00 p.m. (ET)** (the "**Objection Deadline**"); and (E) be served upon the following parties so as to be received on or before the Objection Deadline: (a) counsel to the Debtor:  (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099, Attn: Paul V. Shalhoub, Esq. (pshalhoub@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Ciara A. Copell, Esq. (ccopell@willkie.com), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq., Matthew B. Lunn, Esq., and Allison S. Mielke, Esq.); (b) the U.S. Department of Justice: United States Department of Justice, 1100 L St. NW, Room 7108, Washington, DC 20005, Attn: Rodney A. Morris, Esq. (rodney.morris2@usdoj.gov) and Phil M. Seligman, Esq. (philip.seligman@usdoj.gov); (c) outside counsel to the U.S. Department of Energy: Allen & Overy LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Laura R. Hall, Esq. (laura.hall@allenovery.com) and Joseph Badtke-Berkow, Esq. (joseph.badtke-berkow@allenovery.com); (d) counsel to Cobra Energy Investments, LLC: (i) Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178, Attn: Benjamin D. Feder, Esq. (bfeder@kelleydrye.com) and Joel Rublin, Esq. (jrublin@kelleydrye.com) and  (ii) Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, P.O. Box 951, Wilmington, DE 19801, Attn: Christopher M. Samis, Esq. (csamis@potteranderson.com) and L. Katherine Good, Esq. (kgood@potteranderson.com); (e) counsel to any official committee appointed in the Chapter 11 Case; and (f) The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: David Villagrana, Esq. (david.villagrana2@usdoj.gov) and David Buchbinder, Esq. (david.l.buchbinder@usdoj.gov).

   **PLEASE TAKE FURTHER NOTICE THAT** only those objections made in writing and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court during the Disclosure Statement Hearing.  If no objections to the Disclosure Statement are timely and properly filed and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter an order approving the Disclosure Statement without further notice.

   **PLEASE TAKE FURTHER NOTICE THAT** copies of the Plan and the Disclosure Statement are available for inspection during regular business hours, Monday through Friday 8:00 a.m. to 4:00 p.m. (ET), excluding federal holidays, at the office of the Clerk of the Bankruptcy Court, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801.  In addition, copies of the Plan and the Disclosure Statement may be obtained:  (i) by visiting the website, **https://dm.epiq11.com/Tonopah**~~, and clicking on the link on the left-hand side of the page titled "Plan & Disclosure Statement"~~; (ii) upon written request via first class mail to the Debtor's voting agent, Epiq Corporate Restructuring, LLC (the "**Voting Agent**"), at the Tonopah Solar Energy, LLC Ballot Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; (iii) by submitting an inquiry to the Voting Agent via email at tabulation@epiqglobal.com with a reference to "Tonopah" in the subject line; (iii) by contacting the Voting Agent via telephone at 1-866-897-6433 (Toll Free U.S. and Canada) or 1-646-282-2500 (International); or (iv) for a fee, from the Bankruptcy Court's website, **www.deb.uscourts.gov** (a PACER account is required).  A PACER login and password can be obtained through the PACER Service Center at **https://www.pacer.gov**.

**PLEASE TAKE FURTHER NOTICE THAT THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN. VOTES ON THE PLAN WILL BE SOLICITED IF AND WHEN THE BANKRUPTCY COURT APPROVES THE DISCLOSURE STATEMENT.**

**NO PERSON, INCLUDING THE VOTING AGENT, HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTOR OR THE PLAN.**

Dated: July 31, 2020
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Allison S. Mielke*

Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email: emorton@ycst.com
        mlunn@ycst.com
        amielke@ycst.com
        jkochenash@ycst.com

-and-

WILLKIE FARR & GALLAGHER LLP

Matthew A. Feldman (*pro hac vice* pending)
Paul V. Shalhoub (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Ciara A. Copell (*pro hac vice* pending)
787 Seventh Avenue
New York, NY 10019-6099
Tel:  (212) 728-8000
Fax:  (212) 728-8111
Email:  mfeldman@willkie.com
        pshalhoub@willkie.com
        amordkoff@willkie.com
        ccopell@willkie.com

*Proposed Co-Counsel to the Debtor and Debtor in Possession*