IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TONOPAH SOLAR ENERGY, LLC,[1] | Case No. 20-11884 (KBO) |
| Debtor. | **Ref. Docket No. 147** |

**NOTICE OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF BALLOT AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1. *Approval of the Disclosure Statement.* At a hearing held on September 4, 2020 (the "**Disclosure Statement Hearing**"), the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the above-captioned chapter 11 case of Tonopah Solar Energy, LLC (the "**Debtor**"), entered an order [Docket No. 147] (the "**Disclosure Statement Order**") approving the *Disclosure Statement for Chapter 11 Plan for Tonopah Solar Energy, LLC*, dated as of September 4, 2020, and attached as Exhibit 1 to the Disclosure Statement Order (as amended, modified or supplemented from time to time, the "**Disclosure Statement**") as containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and authorized the Debtor to solicit votes to accept or reject the *Chapter 11 Plan for Tonopah Solar Energy, LLC*, dated as of September 2, 2020 (as amended, modified or supplemented from time to time, the "**Plan**").[2]

2. *Classification of Claims and Interests Under the Plan.* The classification and treatment of Claims and Interests under the Plan is described generally below:

| <u>Class</u> | <u>Claim or Interest</u> | <u>Summary of Treatment</u> | <u>Estimated Allowed Amount of Claims</u> | <u>Projected Recovery Under Plan</u> |
|---|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired *Presumed to Accept Plan* | $0.00 | 100% |
| 2 | Other Secured Claims | Unimpaired *Presumed to Accept Plan* | $481,863.46 | 100% |

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Tonopah Solar Energy, LLC (1316). The Debtor's headquarters is located at 11 Gabbs Pole Line Road, Tonopah, NV 89049.

[2] Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Plan.

27007326.1

| Class | Claim or Interest | Summary of Treatment | Estimated Allowed Amount of Claims | Projected Recovery Under Plan |
|---|---|---|---|---|
| 3 | Prepetition Note Claims | Impaired *Presumed to Vote on Plan* | $434,684,702.10 | 47% |
| 4 | General Unsecured Claims | Unimpaired *Presumed to Accept Plan* | $770,000.00 | 100% |
| 5 | Existing Interests | Impaired *Deemed to Reject Plan* | $420,779,227.24 | 0% |

3. *Deadline for Voting on the Plan.* The Court has established **October 13, 2020 at 5:00 p.m. (ET)** (the "**Voting Deadline**") as the deadline by which Ballots accepting or rejecting the Plan must be received. Only the holder of Claims in Class 3 (Prepetition Note Claims) under the Plan is entitled to vote on the Plan and will receive a Ballot to cast its vote. To be counted, a Ballot must be properly executed, completed, and delivered to Epiq Corporate Restructuring, LLC (the "**Voting Agent**"), so as to be received by the Voting Agent no later than the Voting Deadline, unless extended by the Debtor.

Ballots will not be accepted by facsimile transmission. Holders of Unimpaired Claims under the Plan (i.e., Class 1 Priority Non-Tax Claims, Class 2 Other Secured Claims, and Class 4 General Unsecured Claims) and Classes that are deemed to reject the Plan (i.e., Class 5 Existing Interests) are not entitled to vote on the Plan.

4. *Confirmation Hearing.* A hearing to consider the confirmation of the Plan and for such other and further relief as may be just or proper (the "**Confirmation Hearing**") will be held on **October 27, 2020 at 10:00 a.m. (ET)** before the Honorable Karen B. Owens, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Delaware. The Confirmation Hearing may be continued by the Debtor from time to time without further notice to holders of Claims or Interests or other parties in interest other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or on the applicable hearing agenda or a notice filed with the Bankruptcy Court. The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing. If the Bankruptcy Court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

5. *Deadline for Objections to Confirmation of the Plan. Objections, if any, to confirmation of the Plan,* must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **before 5:00 p.m. (ET) on October 13, 2020**: (a) counsel to the Debtor: (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099, Attn: Paul V. Shalhoub, Esq. (pshalhoub@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Ciara A. Copell, Esq. (ccopell@willkie.com), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), and Allison S. Mielke, Esq. (amielke@ycst.com); (b) the U.S. Department of Justice: United States Department of Justice, 1100 L St. NW, Room 7108, Washington, DC 20005, Attn: Rodney A. Morris, Esq. (rodney.morris2@usdoj.gov) and Phil M. Seligman, Esq. (philip.seligman@usdoj.gov); (c) outside counsel to the U.S. Department of Energy: Allen & Overy LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Laura R. Hall, Esq. (laura.hall@allenovery.com) and Joseph Badtke-Berkow, Esq. (joseph.badtke-

27007326.1

berkow@allenovery.com); (d) counsel to Cobra Energy Investments, LLC: (i) Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178, Attn: Benjamin D. Feder, Esq. (bfeder@kelleydrye.com) and Joel Rublin, Esq. (jrublin@kelleydrye.com) and (ii) Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, P.O. Box 951, Wilmington, DE 19801, Attn: Christopher M. Samis, Esq. (csamis@potteranderson.com) and L. Katherine Good, Esq. (kgood@potteranderson.com); and (e) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: David Villagrana, Esq. (david.villagrana2@usdoj.gov) and David L. Buchbinder, Esq. (david.l.buchbinder@usdoj.gov).

6. *Certain Voting Issues.* Any party that wishes to challenge the allowance of its Claim for voting purposes shall serve on counsel to the Debtor and file with the Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan **on or before 4:00 p.m. (ET) on October 2, 2020**.

7. *RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN.  ARTICLE XII OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.  YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER YOUR RIGHTS ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.*

8. *The releases in Section 12.6 of the Plan (the "Releases") bind, as applicable, the Debtor, Cobra, the DOE, and the "Third-Party Releasing Parties," which the Plan defines as follows: "collectively, all Persons with a Claim, including a Cause of Action, against and/or Interest in the Debtor or related to the Crescent Dunes Solar Energy Project who (i) are deemed to accept the Plan and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable notice of non-voting status indicating that they opt to grant the releases provided in the Plan (provided, that Cobra and its Affiliates shall be deemed to consent to such releases), and (ii) are deemed to reject the Plan and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable notice of non-voting status indicating that they opt to grant the releases provided in the Plan, and (iii) each of the foregoing's respective current and former parents, Affiliates and subsidiaries, and their current and former parents', Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in their capacity as such."*

*Section 12.6(e) of the Plan contains the following provision:*

> *"Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases described in the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in the Plan is: (i) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Claims; (ii) in the best interests of the Debtor, the United States and all Third Party Releasing Parties; (iii) fair, equitable and reasonable; (iv) given and made after due notice and opportunity for hearing; and (v) a bar to the Debtor and all Third Party Releasing Parties asserting any claim, Cause of Action or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property."*

27007326.1

9. *Additionally, Article XII of the Plan contains certain provisions regarding exculpation and injunctions. All parties are advised to read Article XII of the Plan carefully and consult with their own advisors with respect thereto. The text of the relevant provisions of Article XII of the Plan are as follows:*

*<u>Section 12.8. Exculpation and Limitation of Liability</u>. On the Effective Date, except as otherwise provided in the Plan or the Confirmation Order, for good and valuable consideration, to the maximum extent permissible under applicable law, none of the Exculpated Parties shall have or incur any liability to any holder of any Claim or Interest or any other Person for any act or omission occurring prior to the Effective Date in connection with, or arising out of the Debtor's restructuring, including the negotiation, implementation and execution of this Plan, the Plan Supplement, the Chapter 11 Case, the Prepetition Note Documents, the solicitation of votes for and the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, including all documents ancillary thereto, all decisions, actions, inactions and alleged negligence or misconduct relating thereto and all activities leading to the promulgation and confirmation of this Plan except for gross negligence or willful misconduct, each as determined by a Final Order of the Bankruptcy Court. The Exculpated Parties have, and upon confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the distributions of the securities pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.*

*<u>Section 12.9. Injunction Related to Releases and Exculpation</u>. The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released pursuant to this Plan, including the claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action and liabilities released in or encompassed by Sections 12.6 and 12.7 of this Plan. The Debtor is expressly authorized hereby to seek to enforce such injunction.*

10. *Copies of Documents.* Copies of the Plan, the Disclosure Statement, the Plan Supplement (which was filed on July 30, 2020), and the Disclosure Statement Order are, or will be, available for review free of charge at **https://dm.epiq11.com/Tonopah**. In addition, copies of the Plan are available upon written request via first class mail to the Voting Agent at the Tonopah Solar Energy, LLC Ballot Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005, by submitting an inquiry to the Voting Agent via email at **tabulation@epiqglobal.com** with a reference to "Tonopah" in the subject line, or by contacting the Voting Agent via telephone at 1-866-897-6433 (Toll Free U.S. and Canada) or 1-646-282-2500 (International). If you are the holder of a Claim and believe that you are entitled to vote on the Plan, but you did not receive a solicitation package, or if you have any questions concerning voting procedures, you should contact the Voting Agent electronically, in writing, or via telephone using the contact information set forth above.

27007326.1

| | |
|---|---|
| Dated: September 8, 2020<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Allison S. Mielke*<br>Edmon L. Morton (No. 3856)<br>Matthew B. Lunn (No. 4119)<br>Allison S. Mielke (No. 5934)<br>Jared W. Kochenash (No. 6557)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Tel:   (302) 571-6600<br>Fax:   (302) 571-1253<br>Email: emorton@ycst.com<br>         mlunn@ycst.com<br>         amielke@ycst.com<br>         jkochenash@ycst.com<br><br>-and-<br><br>WILLKIE FARR & GALLAGHER LLP<br><br>Matthew A. Feldman (admitted *pro hac vice*)<br>Paul V. Shalhoub (admitted *pro hac vice*)<br>Andrew S. Mordkoff (admitted *pro hac vice*)<br>Ciara A. Copell (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, NY 10019-6099<br>Tel:   (212) 728-8000<br>Fax:  (212) 728-8111<br>Email: mfeldman@willkie.com<br>         pshalhoub@willkie.com<br>         amordkoff@willkie.com<br>         ccopell@willkie.com<br><br>*Co-Counsel to the Debtor and Debtor in Possession* |