IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TONOPAH SOLAR ENERGY, LLC,[1] | Case No. 20-11884 (KBO) |
| Debtor. | Ref. Docket No. 291 |

NOTICE OF (I) CONFIRMATION AND EFFECTIVE DATE OF THE
AMENDED CHAPTER 11 PLAN FOR TONOPAH SOLAR ENERGY, LLC (II) DEADLINE
UNDER THE PLAN AND CONFIRMATION ORDER TO FILE PROFESSIONAL
FEE CLAIMS, ADMINISTRATIVE CLAIMS AND REJECTION CLAIMS

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. **Entry of the Confirmation Order**. On December 9, 2020, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order [Docket No. 291] (the "**Confirmation Order**") confirming the *Amended Chapter 11 Plan for Tonopah Solar Energy, LLC*, a copy of which was attached as Exhibit A to the Confirmation Order (together with all exhibits thereto, and as may be amended, modified or supplemented, the "**Plan**")[2] in the chapter 11 case of the above-captioned debtor and debtor in possession (the "**Debtor**").

2. **Effective Date of the Plan**. The Effective Date of the Plan is December 18, 2020.

3. **Deadline to File Professional Fee Claims**. As provided for in Section 3.2 of the Plan, *all final requests for payment of Professional Fee Claims must be filed with the Bankruptcy Court no later than February 16, 2021 (i.e., sixty (60) calendar days after the Effective Date), unless otherwise ordered by the Bankruptcy Court; provided that if any Professional Person is unable to file its own request with the Bankruptcy Court, such Professional Person may deliver an original, executed copy and an electronic copy to the Debtor's attorneys and the Debtor at least three Business Days before the deadline, and the Debtor's attorneys shall file such request with the Bankruptcy Court. The objection deadline relating to a request for payment of Professional Fee Claims shall be 4:00 p.m. (prevailing Eastern Time) on the date that is 30 days after filing such request, and a hearing on such request, if necessary, shall be held no later than thirty (30) calendar days after the objection deadline.*

4. **Administrative Claim Bar Date**. As provided for in Section 3.1 of the Plan, *the holder of an Administrative Expense Claim, other than the holder of (i) an Administrative Expense Claim that has been Allowed on or before the Effective Date; (ii) an Administrative Expense Claim for an expense or liability incurred and payable in the ordinary course of business by the Debtor; (iii) an Administrative Expense Claim on account of fees and expenses incurred on or after the Petition Date by ordinary course professionals retained by the Debtor pursuant to an order of the Bankruptcy Court; (iv) a Claim for adequate protection arising under the Cash Collateral Order; or (v) a claim for Cure Amounts (and, for*

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Tonopah Solar Energy, LLC (1316). The Debtor's headquarters is located at 11 Gabbs Pole Line Road, Tonopah, NV 89049.

[2] Unless otherwise defined in this notice, capitalized terms used herein shall have the meanings ascribed to them in the Plan.

27354053.1

*the avoidance of doubt, other than a holder of a Professional Fee Claim, a holder of a claim arising pursuant to 11 U.S.C. § 503(b)(1)(D), or with respect to fees owed pursuant to 28 U.S.C. § 1930) must file with the Bankruptcy Court and serve on the Debtor, the Claims Agent, and the U.S. Trustee, proof of such Administrative Expense Claim no later than January 18, 2021 (i.e., approximately thirty (30) days after the Effective Date).*

5. **Deadline to File Rejection Claims**. As provided for in Article X of the Plan: *as of and subject to the occurrence of the Effective Date and the payment of any applicable Cure Amount, **all executory contracts and unexpired leases of the Debtor shall be deemed assumed except that: (a) any executory contracts and unexpired leases that previously have been assumed, assumed and assigned, or rejected pursuant to a Final Order of the Bankruptcy Court shall be treated as provided in such Final Order; (b) any executory contracts and unexpired leases listed on the Schedule of Rejected Contracts and Leases shall be deemed rejected as of the Effective Date; and (c) all executory contracts and unexpired leases that are the subject of a separate motion to assume or reject under section 365 of the Bankruptcy Code pending on the Effective Date shall be treated as provided for in the Final Order resolving such motion. All Claims arising from the rejection of executory contracts or unexpired leases, if evidenced by a timely filed proof of claim, will be treated as General Unsecured Claims. In the event that the rejection of an executory contract or unexpired lease by the Debtor pursuant to the Plan results in damages to the other party or parties to such contract or lease, a Claim for such damages, if not evidenced by a timely filed proof of claim, shall be forever barred and shall not be enforceable against the Debtor or its properties or interests in property or its agents, successors or assigns, unless a proof of claim is filed with the Bankruptcy Court and served upon counsel for the Debtor on or before the date that is thirty (30) days after the effective date of such rejection (which may be the Effective Date, the date on which the Debtor rejects the applicable contract or lease as provided in Section 10.1 of the Plan, or pursuant to an order of the Bankruptcy Court).***

6. **Inquiries by Interested Parties**. Copies of the Confirmation Order may be examined free of charge at **https://dm.epiq11.com/tonopah**. The Confirmation Order is also on file with the Bankruptcy Court and may be viewed by accessing the Bankruptcy Court's website at www.deb.uscourts.gov. To access documents on the Bankruptcy Court's website, you will need a PACER password and login, which can be obtained at www.pacer.psc.uscourts.gov.

*[Signature page follows]*

| | | |
|---|---|---|
| Dated: | December 18, 2020<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP |

*/s/ Jared W. Kochenash*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email: emorton@ycst.com
         mlunn@ycst.com
         amielke@ycst.com
         jkochenash@ycst.com

-and-

WILLKIE FARR & GALLAGHER LLP

Matthew A. Feldman (admitted *pro hac vice*)
Paul V. Shalhoub (admitted *pro hac vice*)
Todd G. Cosenza (admitted *pro hac vice*)
Charles D. Cording (admitted *pro hac vice*)
Ciara A. Copell (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
Email: mfeldman@willkie.com
         pshalhoub@willkie.com
         tcosenza@willkie.com
         ccording@willkie.com
         ccopell@willkie.com

*Co-Counsel to the Debtor and Debtor in Possession*